UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HASAN DAMRA, | ) | CASE NO. 1:11 CV 772 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF | ) | AND ORDER |
| NORTH ROYALTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Hasan Damra filed the above-captioned action under 42 U.S.C. § 1983 against the City of North Royalton, North Royalton Chief of Police Paul M. Bican, and four unknown North Royalton Police Officers. In the complaint, plaintiff alleges excessive force arising from his arrest in February 2009. He seeks monetary relief, including compensatory and punitive damages, and requests that the Court discipline the defendant police officers involved in his arrest.

**Background**

Plaintiff is a state prisoner and is incarcerated at Belmont Correctional Institution in St. Clairsville, Ohio. He alleges that, on February 15, 2009, he was arrested by defendant North Royalton police officers[1] as a result of a dispute with his son. Plaintiff claims that, during the course of this arrest, the defendant officers called him racially demeaning names, and proceeded to kick and beat him. He states that he "was beaten unconscious and finally woke up in the hospital in intensive care." (Compl. at ¶ 4). Plaintiff alleges that he "had bruises everywhere," suffered injuries to his kidneys and wrist, and was in the intensive care unit of Parma Ohio General Hospital

---

[1] Plaintiff does not specify the names of these defendant police officers.

for four days. (Compl. at ¶ 4).

Plaintiff is seeking compensatory and punitive damages in the amount of $10 million. He also requests that the Court discipline the defendant police officers involved in his arrest.

## Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a prisoner proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).[2]  A complaint is frivolous "where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866. *See also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir.

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, this action is dismissed pursuant to §1915(e).

## Analysis

It is evident from the face of the Complaint that the sole basis of plaintiff's §1983 claim is the excessive force allegedly used by defendant police officers during plaintiff's arrest on February 15, 2009. (Compl. at IV). Plaintiff filed his Complaint in this matter over two years later, on April 20, 2011. (Doc. 1).

The Court finds that plaintiff's claim is barred by the statute of limitations. The Sixth Circuit has repeatedly held that Ohio's two year statute of limitations for personal injury actions applies to §1983 claims arising in Ohio. *See LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*); *Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir., Apr. 24, 1998); *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385 at *1 (6th Cir., Oct. 30, 1998). While state law provides the statute of limitations to be applied in a § 1983 action, "federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Under established Sixth Circuit precedent, "[a] § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). *See also Drake v. City of Detroit, Michigan*, No. 06-1817, 2008 WL 482283 (6th Cir., Feb. 21, 2008).

In the instant case, the sole basis of plaintiff's Complaint is the allegedly excessive force used during his arrest on February 15, 2009. Under *Fox*, *supra*, the statute of limitations began to run on that date as a matter of law. As plaintiff's complaint was filed over 2 years later on April 20, 2011, it is clearly time-barred as a matter of law and is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e). *See, e.g., Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385 (6th Cir., Oct. 30, 1998) (finding that "[w]here the complaint bears an affirmative defense such as the statute of limitations. . . a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate" ); *Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir., Apr. 24, 1998), cert. denied, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by the statute of limitations).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

    /s/Dan Aaron Polster 7/12/11
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.